**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4477**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ANDRE MARQUIS MITCHELL,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (2:10-cr-00033-BR-3)

Submitted:  March 13, 2012          Decided:  March 20, 2012

Before WILKINSON, WYNN, and DIAZ, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

C. Burell Shella, C. BURELL SHELLA, PC, Durham, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andre Marquis Mitchell pled guilty, pursuant to a plea agreement, to conspiracy to distribute and possess with intent to distribute more than fifty grams of cocaine base and a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006). The district court sentenced Mitchell to 120 months' imprisonment, followed by five years of supervised release. On appeal, Mitchell's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that he could find no meritorious issues for appeal, but questioning whether the district court adequately addressed the sentencing factors set forth in 18 U.S.C. § 3553(a). The Government has moved to dismiss Mitchell's appeal, asserting that Mitchell waived his right to appeal his sentence in his plea agreement. We affirm in part and dismiss in part.

We review de novo whether a defendant has effectively waived his right to appeal. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). An appellate waiver must be "the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (internal quotation marks and citation omitted). To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and the conduct of the accused, as well

2

as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). Generally, if a court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Mitchell knowingly and voluntarily waived his right to appeal his sentence. In the plea agreement, Mitchell agreed to waive the right "to appeal whatever sentence is imposed . . . reserving only the right to appeal from a sentence in excess of the applicable advisory Guidelines range." As the district court imposed a sentence within the advisory Guidelines range, the issue Mitchell seeks to raise on appeal falls within the scope of his appellate waiver. Accordingly, we grant the Government's motion to dismiss in part and dismiss Mitchell's appeal of his sentence.

The waiver provision, however, does not preclude this court's review of Mitchell's conviction pursuant to Anders. Prior to accepting a guilty plea, a trial court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant comprehends, the nature of the

3

charge to which he is pleading guilty, any mandatory minimum penalty, the maximum possible penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Additionally, the district court must ensure that the defendant's plea was voluntary and did not result from force, threats, or promises not contained in the plea agreement. Fed. R. Crim. P. 11(b)(2).

We find that the district court complied with the requirements of Rule 11. In accordance with Anders, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm Mitchell's conviction.

This court requires that counsel inform Mitchell, in writing, of his right to petition the Supreme Court of the United States for further review. If Mitchell requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Mitchell. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

4